DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas denying a petition for postconviction relief filed by appellant, Elzie Walker. For the reasons stated herein, this court reverses the judgment of the trial court.
Appellant sets forth the following three assignments of error:
"STATEMENT OF ASSIGNMENTS OF ERROR PRESENTED FOR REVIEW
 "I. IT CONSTITUTED ERROR TO DENY APPELLANT'S PETITION ON RES JUDICATA GROUNDS
(Opinion and Journal Entry filed October 27, 1994 sic)
 "II. IT CONSTITUTED ERROR TO DENY APPELLANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT A HEARING
(Opinion and Journal Entry filed October 27, 1994 sic)
 "III. IT CONSTITUTED ERROR FOR THE COURT BELOW TO APPLY THE WRONG STANDARD OF PROOF
(Opinion and Journal Entry filed October 27, 1994 sic)"
The following facts are relevant to this appeal.[1] On July 25, 1997, appellant was indicted on thirteen counts of aggravated robbery, in violation of R.C. 2911.01(A)(1). Each count was accompanied by a firearm specification, in violation of R.C. 2941.145. Appellant was also charged with one count of kidnaping, in violation of R.C. 2905.01(A)(2). Appellant entered pleas of not guilty as to all counts and specifications. A hearing on a motion to suppress was held on September 30, 1997. The motion was denied and the jury trial commenced immediately thereafter. The jury found appellant guilty of ten counts of aggravated robbery, one count of kidnaping and seven firearm specifications on October 6, 1997; appellant was sentenced on October 7, 1997 to a total term of imprisonment of fifty-six years.
Appellant timely filed a direct appeal with one assignment of error in which he argued that he was denied the effective assistance of counsel at trial. On August 6, 1999, this court affirmed appellant's conviction.
Appellant filed a petition for postconviction relief on April 20, 1999; an amended petition for postconviction relief on July 19, 1999; and an second amended petition for postconviction relief on August 17, 1999. The state moved for summary judgment; appellant filed a memorandum in opposition and the state filed a reply memorandum. On October 27, 1999, the trial court granted summary judgment to the state on res judicata
grounds as well as finding that there was no need for an evidentiary hearing. Appellant filed a timely notice of appeal.
In his first assignment of error, appellant argues that the trial court committed error in denying his petition on res judicata grounds. This court finds merit in this assignment of error.
In the trial court, appellant posed the following ground for postconviction relief: appellant argued that he was denied effective assistance of counsel because his trial counsel incorrectly advised him as to the applicable law regarding the consequences of accepting a plea bargain in that appellant's trial counsel grossly overstated the probable sentencing range. The state initially responded to appellant's claim of ineffective assistance of counsel by asserting that appellant's claim was barred by res judicata; the state contended that the issue of ineffective assistance of counsel was addressed by this court on appeal. State v.Walker (Aug. 6, 1999), Lucas App. No. L-97-1405, unreported. The trial court granted the state's motion for summary judgment, finding, in part, that appellant's petition for postconviction relief was barred by resjudicata.
In State v. Cole (1982), 2 Ohio St.3d 112, syllabus, the Supreme Court of Ohio held:
 "Where defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for postconviction relief."
It follows that even if the issue of ineffective assistance of counsel is raised on direct appeal, that issue will not be barred by resjudicata in a postconviction relief proceeding if the issue could not have been determined without resort to evidence _dehors the record.State v. Smith (1985), 17 Ohio St.3d 98, 101 fn. 1. Appellant's claim for postconviction relief focuses on his trial counsel's failure to correctly inform him of the sentences applicable to his offenses. Thus, these conversations occurring between appellant and his trial counsel aredehors the record and may only be raised in a action for postconviction relief.
In his direct appeal, although phrased in terms of his trial counsel's "inexperience,[2]" appellant did not raise any claim in regard to his trial counsel's advice of the consequences of accepting the offered plea. Furthermore, in his petition for postconviction relief, appellant's claim of ineffective assistance of trial counsel relied on evidence outside the record and, therefore, was not and could not have been raised on direct appeal to this court. In support of his petition for postconviction relief, appellant submitted not only his affidavit but also his trial counsel's affidavit and the affidavit of his trial counsel's supervising attorney. Therefore, appellant's postconviction petition was not barred by res judicata.
Accordingly, appellant's first assignment of error is found well-taken.
In his second assignment of error, appellant argues that the trial court erred in denying his petition for postconviction relief without a hearing. This court finds merit in this assignment of error.
An evidentiary hearing is not automatically required for every petition for postconviction relief. State v. Jackson (1980), 64 Ohio St.2d 107,110. With respect to granting a hearing, R.C. 2953.21(C) states in relevant part:
 "* * * Before granting a hearing * * *, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * "
In State v. Calhoun (1999), 86 Ohio St.3d 279, paragraph two of the syllabus, the Ohio Supreme Court recently stated that:
 "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief."
In order to be entitled to a hearing on a petition for postconviction relief, the petitioner must submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. Statev. Jackson (1980), 64 Ohio St.2d 107, syllabus. See, also, State v.Cole (1982), 2 Ohio St.3d 112, 114 ("Where ineffective assistance of counsel is alleged in a petition for postconviction relief, the defendant, in order to secure a hearing on his petition, must proffer evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the defendant.")
In support of his petition for postconviction relief, appellant submitted not only his affidavit but also his trial counsel's affidavit and the affidavit of his trial counsel's supervising attorney. In Statev. Calhoun (1999), 86 Ohio St.3d 279, paragraph one of the syllabus, the Ohio Supreme Court addressed the issue of affidavits and held:
 "1. In reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact."
In his affidavit, appellant's trial counsel stated that he was not aware of a statutory provision, R.C. 2929.14(B); that he did not make appellant aware of this statutory provision; or did he make appellant aware of the presumption of this statutory provision that appellant would be sentenced to the shortest prison term authorized by law unless the trial judge made specific findings that the shortest prison term would demean the seriousness of the criminal conduct or would not adequately protect the public. Appellant's trial counsel also stated that he advised appellant that appellant's probable sentence would be approximately twenty years which appellant found overwhelming and unacceptable. Appellant's trial counsel further stated that had he been aware of R.C. 2929.14(B), his advice to appellant would have been different.
Appellant argues that he suffered prejudice by his counsel's failure to communicate the correct sentence. Appellant states in his affidavit that "if he knew he would probably get less than fifteen years," he would have accepted the offered plea bargain. Thus, appellant established that if appellant's trial counsel had communicated the correct sentence under the offered plea bargain, that the outcome of the proceeding would have been different.
The standard for evaluating an ineffective assistance of counsel claim was enunciated by the Supreme Court of Ohio in State v. Bradley (1989),42 Ohio St.3d 136, paragraphs two and three of the syllabus, followingStrickland v. Washington (1984), 466 U.S. 668. In order to assess whether counsel's performance was constitutionally deficient, appellant must provide evidence of the Strickland dual requirements: (1) that counsel's assistance was below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for counsel's transgressions, the result of the proceeding would have been different. Petitioners bear the burden to plead both elements in order to adequately state a claim of ineffective assistance of counsel. See Jackson, supra,64 Ohio St.2d 107.
In Strickland v. Washington, 466 U.S. at 686, the Supreme Court determined the standard to be applied to claims of ineffective assistance of counsel:
 "* * * The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."
As stated by the court in State v. Padgett (Dec. 10, 1999), Montgomery App. No. 17658, unreported:
 "* * * Thus, where the allegations contained in the post-conviction relief petition and attached affidavit(s) consist of something more than mere conclusory allegations and are corroborated by the record, the petitioner is entitled to an evidentiary hearing. In other words, and as we have previously stated, so long as the record of the original criminal prosecution does not rebut the alleged grounds for relief in the petition, an evidentiary hearing is justified. (Citation omitted.)"
This court has not found an Ohio case in which a petition for postconviction relief was granted for a claim of ineffective assistance in regard to incorrect advice that resulted in the defendant rejecting an offered plea bargain.[3] Other courts have found ineffective assistance of trial counsel in instances when incorrect advice regarding a plea offer results in the defendant rejecting the offered plea. In discussing this factual scenario, the court in United States ex. relCaruso v. Zelinsky (C.A. 3, 1982), 689 F.2d 435, 438, stated:
 "* * * We have held that entering a guilty plea to an indictment, without the benefit of counsel, is a critical stage, and that, `the guidance of counsel is so essential a protection for an accused during plea bargaining and in the making of a decision to plead guilty that a plea entered without such guidance must be set aside * * *.' (Citation omitted.) * * * It seems to us that the decision to reject a plea bargain offer and plead not guilty is also a vitally important decision and a critical stage at which the right to effective assistance of counsel attaches." (Emphasis added.)
As stated by the Supreme Court of California in In re Alvernaz
(Cal. 1992), 830 P.2d 747, 749:
 "* * * we conclude, in conformity with the decisions of the federal and state courts that have addressed the issue, that when a defendant demonstrates that ineffective representation at the pretrial stage of a criminal proceeding caused him or her to proceed to trial rather than to accept an offer of a plea bargain that would have been approved by the court, the defendant has been deprived of the effective assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution * * * even if the defendant thereafter receives a fair trial. We also conclude that when a defendant has established that such a constitutional violation has occurred, the appropriate remedy is either modification of the judgment consistent with the terms of the offered plea bargain, or a new trial with resumption of the plea negotiation process."
See, also, Turner v. Tennessee (M.D.Tenn. 1987), 664 F. Supp. 1113,1120-1121 ("* * * an incompetently counseled decision to go to trial appears to fall within the range of protection appropriately provided by the Sixth Amendment. (Footnote omitted) This Court concludes that ineffective advice to reject a plea offer does constitute aSixth Amendment deprivation.").
Upon a review of the affidavits attached in support of appellant's petition, this court finds that appellant did demonstrate ineffective assistance of trial counsel in regard to his trial counsel's advice regarding the offered plea and resulting prejudice. The affidavits contain sufficient operative facts to demonstrate that appellant was denied the effective assistance of counsel. See Bradley, supra. Therefore, we find that the trial court erred in denying appellant's petition for relief without a hearing.
Accordingly, appellant's second assignment of error is found well-taken.
In his third assignment of error, appellant argues that the trial court erred in applying the wrong standard of proof to his petition for postconviction relief. This court finds merit in this assignment of error.
In its journal entry, the trial court stated:
 "The petitioner's assertions that he `probably' would have accepted the offer does not meet the Strickland
test, that the result would have been different. * * *"
In Strickland, the Court stated:
 "* * * The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.
at 694.
The Court further stated that a probability may be reasonable even though it does not constitute a preponderance of the evidence. Id.
In United States v. Day (C.A. 3, 1992), 969 F.2d 39, 45, footnote 8, the court noted:
 "Day need not prove with absolute certainty that he would have pleaded guilty, that the district court would have approved the plea agreement, and that he therefore would have received a lesser sentence. Strickland v. Washington does not require certainty or even a preponderance of the evidence that the outcome would have been different with effective assistance of counsel; it requires only `reasonable probability' that that is the case. (Citations omitted.)"
See, also, Stone v. State (Tex.App. 1988), 751 S.W.2d 579, 585:
 "* * * appellant's burden is not to show that he would have received probation but for the error; instead, appellant's burden is to establish that there is a reasonable probability that the result of the proceeding would have been different but for the error. This is an important distinction. Appellant's burden is not `beyond reasonable doubt,' but `by a preponderance.' (Citation omitted.)"
As the court in Lewandowski v. Makel (C.A. 6, 1991), 949 F.2d 884,889, noted:
 "* * * in cases such as this where the question turns on the motivation of the defendant-that is, what would the defendant have done if supplied with accurate information-the amount of objective evidence will quite understandably be sparse. * * *"
In the case sub judice, there was additional evidence: the affidavit of appellant's trial counsel. Additionally, in Day, in which the trial court denied the petition without holding a hearing, the appellate court stated that "We need not decide whether to impose a requirement of some additional evidence here, when the petitioner has not had a chance to make a full record." 969 F.2d at 46.[4] This court concludes that the trial court applied the wrong standard of proof in regard to appellant's postconviction petition.
Accordingly, appellant's third assignment of error is found well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed. This case is remanded to the trial court for proceedings consistent with this opinion. It is ordered that appellee pay the court costs of this appeal.
James R. Sherck, J.
 Mark L. Pietrykowski, J.
 George M. Glasser, J., JUDGES CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] The facts underlying this appeal are fully set forth in State ofOhio v. Walker (Aug. 6, 1999), Lucas App. No. L-97-1405, unreported, and will not be repeated here.
[2] For example, in his direct appeal, appellant argued that his trial counsel did not understand the rules of evidence; was ineffective in his cross-examination of witnesses; failed to properly present to the jury the details of his co-defendants' plea agreements; and did not know what evidence was objectionable.
[3] The state submitted a notice of supplemental authority prior to oral argument, citing State v. Fannin (Nov. 6, 1997), Franklin App. No. 97APA04-540, unreported. However, that case, although involving a claim of ineffective assistance in regard to trial counsel's failure to fully advise the defendant of the potential sentence to be imposed if convicted and a claim that the defendant would have accepted the state's plea had he been so advised, is factually distinguishable from the case subjudice. In Fannin, the court noted that the defendant admitted that he was advised of the plea bargain and the state placed the offer of the plea bargain on the record, specifically pointing out that several of the pending charges carried substantial prison time. Thus, the trial court concluded that the defendant failed to support his claim that his trial counsel was ineffective.
[4] In Day, the court also noted that "If [trial counsel] confirms Day's allegations, Day will have had his lawyer back up his own self-serving allegations, which might qualify as sufficient confirming evidence." Id. at 46.