

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-414-CR

KENNETH COX                                                      APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

------------

### FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

Appellant Kenneth Cox appeals his conviction for recklessly causing serious bodily injury to a child.  *See* Tex. Penal Code Ann. § 22.04(a)(1) (Vernon Supp. 2008).  In two issues, appellant asserts that (1) the trial court abused its discretion by failing to conduct a hearing on his motion for new trial,

------------

[1] *See* Tex. R. App. P. 47.4.

and (2) ineffective assistance of counsel caused him to involuntarily enter his guilty plea. We affirm.

## Background Facts

In the fall of 2006, appellant began living with Angela Trevino and her infant son, Tristan. In December of that year, after visiting Angela at work, appellant picked up Tristan from a babysitter, intending to take him home and put him to sleep. While being picked up, Tristan vomited.[2] Appellant decided that because Tristan had vomited, he and Tristan would take a shower. After washing Tristan and himself, appellant left Tristan in the shower for a brief time while appellant dressed. When appellant returned to take Tristan out of the shower, he noticed that Tristan's skin was peeling. Appellant claims that he called Angela, who stated that Tristan probably had just suffered from an allergic reaction. After using some medicative cream and aloe vera on Tristan, appellant put Tristan to bed. When Angela arrived home, she went into Tristan's room, where he was sleeping. Upon pulling Tristan's covers back, Angela noticed redness on his shoulder, which she believed to be a rash.

---

[2] Testimony during appellant's sentencing hearing conflicted as to appellant's reaction to Tristan vomiting. Appellant testified that he helped the babysitter clean up the vomit, while Angela testified that the babysitter said that when Tristan vomited, appellant became upset, and the babysitter cleaned up the vomit by herself.

The next morning, Angela saw more redness on Tristan and became more concerned. Angela went to a friend's house so that the friend could examine Tristan. Upon the friend's recommendation, Angela then took Tristan to a hospital. Tristan stayed in critical care for three weeks after being diagnosed with severe burns on over forty percent of his body (including his face, left side, and genital area) as well as bruising across several parts of his face. During his hospital stay, Tristan was required to eat and urinate through tubes and he lost approximately ten pounds. Tristan was also required to participate in several months of therapy. As a result of the burns, Tristan sustained (among other problems) scarring on several parts of his body and developmental delays in speaking and eating, and he also required surgeries on one of his eyes to repair nerve damage.[3]

In February 2007, appellant was indicted for three offenses related to causing Tristan's injuries. The indictment contained a "deadly weapon finding notice" which alleged that appellant used hot liquid while knowing it was

_____

[3] Angela testified that appellant originally told her that Tristan's babysitter had caused Tristan's injuries, and that appellant changed his story about the incident several times, but that he later confessed that he had caused the injuries. Based upon appellant's alleged inconsistencies in his story and upon appellant's alleged angry reaction when Tristan vomited, Angela (as well as the State) contended that appellant caused Tristan's injuries intentionally. Appellant testified that he did not cause the injuries intentionally and did not realize the shower's water was hot enough to burn Tristan.

capable of causing death or serious bodily injury. On June 11, 2007, appellant entered an open plea of guilty to recklessly causing Tristan's serious bodily injuries (a second degree felony), admitted that the deadly weapon paragraph in the indictment was true, signed written admonishments, and waived several statutory and constitutional rights. Appellant also signed an Application for Community Supervision, swearing that he had not previously been convicted of a felony offense. The trial court deferred any finding regarding appellant's guilt, requested a presentence investigation report, and postponed sentencing.

In October 2007, the trial court held a hearing related to appellant's guilty plea and his sentencing. During the hearing, appellant admitted that he caused Tristan's injuries by subjecting him to extremely hot water. After the trial court heard arguments from appellant's counsel and the State, it accepted appellant's guilty plea, found him guilty, found that the deadly weapon allegation contained in the indictment was true, and assessed punishment at eight years' confinement. In November 2007, appellant timely filed a motion for new trial in which he contended that the range of punishment he was subjected to by pleading guilty was inadequately explained by his trial counsel and that his guilty plea was therefore rendered involuntary. The trial court never set a hearing on appellant's motion, and the motion was denied by operation of law. *See* Tex. R. App. P. 21.8.

4

**Failure to Conduct a Hearing on the Motion for New Trial**

In his first issue, appellant argues that the trial court abused its discretion by failing to conduct a hearing on his motion for new trial. A trial court's decision regarding whether to hold a hearing on a motion for new trial in a criminal case is reviewed by an abuse of discretion standard. *See Martinez v. State*, 74 S.W.3d 19, 22 (Tex. Crim. App. 2002); *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). In applying this standard, we may not substitute our judgment for that of the trial court; instead, we must decide whether the trial court's decision was arbitrary or unreasonable. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).

In *Wallace*, the Texas Court of Criminal Appeals discussed the standards related to holding a hearing on a motion for new trial, explaining that

> [a] defendant is entitled *to a hearing* on his motion for new trial if the motion and accompanying affidavit(s) "rais[e] matters not determinable from the record, upon which the accused could be entitled to relief." *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). To be sufficient to entitle the defendant to a hearing, the motion for new trial and accompanying affidavit(s) "need not establish a prima facie case" for a new trial. *Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994). Rather, they "must merely reflect that reasonable grounds exist for holding that such relief could be granted." *Martinez v. State*, 74 S.W.3d 19, 22 (Tex. Crim. App. 2002). The purpose of the hearing is to give the defendant an opportunity to fully develop the matters raised in his motion. *Id*. at 21.

*Wallace*, 106 S.W.3d at 108; *see Jordan*, 883 S.W.2d at 665 (explaining that "if the defendant's motion and affidavit are sufficient, a hearing on the motion is mandatory"). An allegation of ineffective assistance of counsel contained in a motion for new trial is a matter that may not be determinable from the record, therefore requiring the trial court to conduct a hearing. *See Reyes*, 849 S.W.2d at 816.

However, the right to a hearing on a motion for new trial is not absolute; rather, it is conditioned on presenting the filing of the motion and the request for the hearing to the trial court. *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005); *Thompson v. State,* 243 S.W.3d 774, 776 (Tex. App—Fort Worth 2007, pet. ref'd)*; see* Tex. R. App. P. 21.6 (requiring that a motion for new trial must generally be presented to the trial court within ten days of its filing). In other words, the trial court "should not be reversed on a matter that was not brought to the [court's] attention." *Rozell,* 176 S.W.3d at 230. As the Texas Court of Criminal Appeals explained in *Rozell*,

> [p]resenting the motion for new trial and the request for a hearing is akin to objecting to the erroneous admission of evidence. Absent a proper objection that alerts the trial court to the erroneous admission, the error has not been preserved for appellate review. Thus, a reviewing court does not reach the question of whether a trial court abused its discretion in failing to hold a hearing if no request for a hearing was presented to it.

*Id*.

6

The mere filing of a motion for new trial is not enough to show presentment. *Carranza v. State,* 960 S.W.2d 76, 78 (Tex. Crim. App. 1998). Rather, to establish presentment, the record must indicate that the trial court received actual notice of the motion and the request for a hearing. *Id*. at 79. To do so, the record must establish that the defendant "actually deliver[ed] the motion for new trial to the trial court or otherwise [brought] the motion to the attention or actual notice of the trial court." *Id*. The presentment may be evidenced, for instance, by the record indicating "the judge's signature or notation on a proposed order or by a hearing date set on the docket." *Id*. The defendant bears the burden to demonstrate that proper presentment has occurred. *See Burrus v. State*, Nos. 02-07-00251-CR, 02-07-00252-CR, 2008 WL 3877301, at *6 (Tex. App.—Fort Worth Aug. 21, 2008, no pet.) (mem. op.).

In *Burrus*, though the appellant timely filed her motion for new trial, there was

> no ruling on the motion, no proposed order containing the judge's signature or notation, and no notation on the docket sheet of a hearing date set on the motion. The only suggestions of presentment include[d] a statement in the motion titled, "Certificate of Presentment," and a notation in the docket sheet stating that the motion for new trial was filed on August 18, 2006.

7

*Id*. We concluded that the certificate of presentment and the notation in *Burrus* were insufficient to establish that the trial court received actual notice of the motion for new trial, and therefore held that the trial court did not err in failing to hold a hearing on the motion. *Id.* at *7; *see also Owens v. State*, 832 S.W.2d 109, 111–12 (Tex. App.—Dallas 1992, no pet.), *overruled on other grounds by Davis v. State*, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994) (holding that a "Certification of Service and Presentment" was insufficient to establish that the trial court received actual notice of the defendant's motion for new trial).

Here, appellant filed his motion for new trial on November 27, 2007. The motion contained a certificate of presentment which stated "[b]y signature above, I hereby certify that a true and correct copy of the above and foregoing has been transmitted to the Office of the Criminal District Court Number 4 of Tarrant County, on this day, November 21, 2007." However, the record contains no signed order setting a hearing, no docket entries related to the motion, no ruling on appellant's motion, and no proposed order containing the judge's signature.

We hold that the self-serving certificate of presentment, by itself, was insufficient to establish that the trial court received actual notice of appellant's motion for new trial, and was therefore insufficient to establish proper

8

presentment.  *See Burrus*, 2008 WL 3877301 at \*6–7;  *Owens*, 832 S.W.2d at 111–12.  For this reason, the trial court did not abuse its discretion by failing to conduct a hearing on appellant's motion for new trial.  *See Rozell*, 176 S.W.3d at 230; Tex. R. App. P. 21.6.  Therefore, we overrule appellant's first issue.

**Ineffective Assistance of Counsel**

In his second issue, appellant contends that ineffective assistance of his trial counsel caused him to involuntarily enter his guilty plea.  To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that (1) his counsel's representation fell below the standard of prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms

9

at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63.

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair and reliable trial. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding being challenged. *Id*. at 697, 104 S. Ct. at 2070.

A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of

10

ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Salinas*, 163 S.W.3d at 740 (quoting *Thompson*, 9 S.W.3d at 813). It is inappropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

Failure to advise a defendant on the consequences of a guilty plea may constitute ineffective assistance. *Jackson v. State*, 139 S.W.3d 7, 18–21 (Tex. App.—Fort Worth 2004, pet. ref'd). However, when a defendant is properly admonished, and states that he is entering his guilty plea freely and voluntarily, "this establishes a prima facie case that the plea was knowing and voluntary." *Mallett*, 65 S.W.3d at 64. Also, to establish ineffective assistance of counsel in pleading guilty to an offense, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

Appellant asserts that his trial counsel failed to advise him that pleading true to the deadly weapon notice contained in his indictment prohibited the trial judge from considering appellant for community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 3g(a)(2) (Vernon Supp. 2008); *State v. Webb*,

11

244 S.W.3d 543, 548 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (noting that a deadly weapon finding precludes a trial judge from granting community supervision). Appellant argues that if he had known about this consequence, he would not have entered his guilty plea, and that his plea was therefore involuntary.

In *English v. State*, we recently stated that

[t]o support a claim of ineffective assistance of counsel where, as in this case, the complaint is that counsel misunderstood the law regarding probation pursuant to article 42.12, section 3g, more must be apparent from the record than trial counsel's mere mistake. *State v. Recer*, 815 S.W.2d 730, 731 (Tex. Crim. App. 1991). There must be evidence that the defendant was initially eligible to receive probation, that counsel's advice to go to the trial judge for sentencing was not given as part of a valid trial strategy, that the defendant's decision to have the judge assess punishment was based on his attorney's erroneous advice, and that the defendant's decision would have been different if his attorney had correctly informed him of the law. *Id*.

Nos. 02-07-00384-CR, 02-07-00385-CR, 2008 WL 4053011, at *2 (Tex. App.—Fort Worth Aug. 28, 2008, pet. filed) (mem. op., not designated for publication). In *English*, the appellant entered open pleas of guilty to two counts of aggravated robbery with a deadly weapon. *Id.* At trial, English and two of his relatives testified that English was a good candidate for community supervision. *Id*. After the trial judge noted that English was statutorily disqualified from receiving community supervision because of the deadly

12

weapon finding, English's trial counsel conceded that he "might have misunderstood" the statutory requirements. *Id*. However, because the "only thing apparent from the record [was] counsel's mere mistake regarding the possibility of community supervision," we held that English failed to sustain his ineffective assistance of counsel claim. *Id.*; *see also Isham v. State*, 258 S.W.3d 244, 252 (Tex. App.—Eastland 2008, pet. filed) (determining that when "counsel misunderstood the law on deferred adjudication and . . . passed this misunderstanding on to his client," that mistake alone was "insufficient to establish an ineffective assistance of counsel claim"); *Kirk v. State*, 199 S.W.3d 467, 482 (Tex. App.—Fort Worth 2006, pet. ref'd) (holding that an ineffective assistance claim could not be established where the record did not reflect the reasoning behind counsel's strategic decisions).

Here, when appellant pleaded guilty, he also signed an application for community supervision that stated "I swear and it is my testimony here in open court that I have never before been convicted of a felony offense in any court of the State of Texas or in any other state. I request the Court to consider this my application for community supervision." Appellant argues in his brief that this statement "provides clear evidence that [a]ppellant was under the mistaken impression that he was eligible for community supervision and that the trial counsel gave [a]ppellant inaccurate advice as to his eligibility." Because this

argument alleges that appellant's counsel provided incorrect information regarding community supervision, we construe the argument as the type of ineffective assistance challenge described in *Recer* and *English*. *See Recer,* 815 S.W.2d at 731–32; *English*, 2008 WL 4053011 at *1–3.

There is evidence (including the statement contained in appellant's application for community supervision) that appellant was initially eligible to receive a sentence involving community supervision. However, there is no indication from the record that appellant's counsel's advice to go to the trial judge for sentencing was not given as part of a valid trial strategy, that appellant's decision to have the judge assess punishment was based on his counsel's erroneous advice, or that appellant's decision would have been different if his counsel had correctly informed him of the law. *See Recer,* 815 S.W.2d at 731–32; *English,* 2008 WL 4053011 at *1–3. Further, there is no evidence that apart from his counsel's alleged error, appellant would "not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59, 106 S. Ct. at 370; *see Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999).

Appellant has cited cases holding that the failure to advise a defendant that a trial court cannot grant community supervision in a particular circumstance constitutes ineffective assistance of counsel, therefore rendering

14

a guilty plea involuntary. *See, e.g., Ex parte Battle,* 817 S.W.2d 81, 83 (Tex. Crim. App.1991); *Stone v. State*, 751 S.W.2d 579, 583 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd). However, in each of these cases, the reviewing court discussed extensive evidence submitted through affidavits or testimony describing the advice the defendant's counsel had given, the details regarding the defendant's counsel's misunderstanding of how community supervision applied, and the defendant's initial desire (which was changed by his counsel's faulty advice) to either proceed to trial or be sentenced by a jury. *See Battle*, 817 S.W.2d at 83; *Stone*, 751 S.W.2d at 582–83. The record in this case contains no such evidence regarding any of these matters.

Therefore, from the limited record in this appeal, appellant has failed to satisfy the second prong of *Strickland* by demonstrating a reasonable probability that, but for his counsel's alleged deficiency, the result of his case would have been different. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see Recer*, 815 S.W.2d at 731. Thus, we overrule appellant's second issue.

**Conclusion**

Having overruled both of appellant's issues, we affirm the trial court's judgment.

TERRIE LIVINGSTON
JUSTICE

PANEL:  LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 23, 2008