ACCEPTED
06-15-00156-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
11/24/2015 11:59:32 AM
DEBBIE AUTREY
CLERK

NO. 06-15-00156-CR

IN THE COURT OF APPEALS FOR THE

SIXTH APPELLATE DISTRICT OF TEXAS

AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
11/24/2015 11:59:32 AM
DEBBIE AUTREY
Clerk

---

## NICHOLAS EDWARD AYERS, Appellant

## VS.

## THE STATE OF TEXAS, Appellee

---

Trial Court Cause No. F14284
In the 276th Judicial District Court
Marion County, Texas

---

## STATE'S APPELLATE BRIEF

---

Submitted by:

Angela Smoak
Marion County Attorney
102 West Austin, Room 201
Jefferson, Texas  75657
(903) 665-2611
Fax: (903) 665-3348
State Bar #00797466
angela.smoak@co.marion.tx.us

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................... i

INDEX OF AUTHORITIES ...................................... ii

STATEMENT OF THE CASE ................................. 1

STATEMENT OF FACTS ...................................... 1

REPLY TO APPELLANT'S ISSUE NO. ONE ........................... 2

      STATE'S PUNISHMENT ARGUMENT WAS NOT FUNDAMENTAL ERROR REQUIRING REVERSAL OF APPELLANT'S CONVICTION IN THAT THE PARTIES AGREED FOR THE COURT TO REVIEW THE COMPLAINED OF MATERIAL AND THE TRIAL COURT IS PRESUMED TO DISREGARD ANY IMPROPER ARGUMENT, IF ANY EXISTS.

REPLY TO APPELLANT'S ISSUE NO. TWO ........................... 4

      APPELLANT RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL AND THE CONVICTION SHOULD BE AFFIRMED.

CONCLUSION AND PRAYER ................................ 6

CERTIFICATE OF SERVICE ................................ 6

CERTIFICATE OF COMPLIANCE ........................... 6

# INDEX OF AUTHORITIES

CASES:

Lopez v. State, 725 SW2d 487, 489
(Tex. App. – Corpus Christi 1987, no pet.) ......................... 3

Stone v. State, 751 SW2d 579, 582
(Tex. App. – Houston [1st Dist] 1988, pet ref'd) ................. 5

Vaughn v. State, 888 SW2d 62, 72
(Tex. App. – Houston [1st Dist] 1994, p.d.r. granted
and affirmed, 931 SW2d 564, 1996) ................................. 4

Wilson v. State, 938 SW2d 57 (Tex. Crim. App. 2002) ................ 3

## STATEMENT OF THE CASE

Appellant was tried in a bench trial on two cases of Indecency with a Child, being the instant case and Appellate Cause No. 06-15-00157-CR, on his plea of guilty to the indictment in each case. Appellant's pleas of guilty in each case were entered on August 5, 2015. [2RR 1-33] Evidence on the pleas was heard on August 27, 2015. [3RR 1-58] The court found Appellant guilty on each case and assessed an eighteen year sentence in the Institutional Division of the Texas Department of Criminal Justice on each case on August 27, 2015 to run concurrently. [3RR 65-66] Appellant gave timely notice of appeal on September 23, 2013. [CR 98] Counsel was appointed to represent Appellant on September 21, 2015. [CR 97]

## STATEMENT OF FACTS

The State called seven witnesses and Appellant did not testify but called one witness.

The Court, upon request by both parties, reviewed letters and statements on file with the Court. [3RR 4]

Martha Dykes and Kimberly Lara testified to the predicate for the admission into evidence of a DVD in each of the two cases of the Child

Advocacy Center interview of the child named in each indictment. [3RR 8-13]

Lauren Whitehead, employed at the jail with the Marion County Sheriff's Department, testified that Appellant had possession of contraband in his cell block during his confinement in jail consisting of peach hooch which smelled like alcohol, a Tramadol pill, paper clips which had been made into needles, and ear phones with a yellow substance in them. [3RR 14-16]

Vera Humphrey, Trelena Ives, Christi McWilliams, and Taylor Quinn McWilliams testified to the circumstances surrounding the outcry by the child victim in each of the two cases.

Appellant called his step-father, Virgil T. Allen, who testified as a character witness for him.

## REPLY TO APPELLANT'S ISSUE NO. ONE

### APPELLANT'S ISSUE NO. ONE

Is the State's punishment argument outside the evidence fundamental error requiring reversal of Appellant's conviction?

### STATE'S REPLY

**STATE'S PUNISHMENT ARGUMENT WAS NOT FUNDAMENTAL ERROR REQUIRING REVERSAL OF APPELLANT'S CONVICTION IN THAT THE PARTIES**

**AGREED FOR THE COURT TO REVIEW THE COMPLAINED OF MATERIAL AND THE TRIAL COURT IS PRESUMED TO DISREGARD ANY IMPROPER ARGUMENT, IF ANY EXISTS.**

<u>ARGUMENT AND AUTHORITIES</u>

Appellant asserts that the State's argument was outside the record and based on a letter written by Appellant to the Court which was not offered or admitted into evidence. Said letter is contained in the clerk's record at CR 36 and was filed by Appellant one day prior to the punishment hearing in this matter. At the same time, Appellant filed character statements from a number of individuals, located in the clerk's record at CR 67-89. Both parties agreed for the Court to review the letter and statements. [3RR 4]

To support his argument, Appellant cites <u>Wilson v. State</u>, 938 SW2d 57 (Tex. Crim. App. 2002). However, it should be noted that <u>Wilson</u> involves a jury trial, not a bench trial, and specifically speaks to categories of proper JURY argument. (emphasis added).

In the matter before this Court, the trial court was determining punishment subsequent to a plea of guilty. As such, the trial court was capable of disregarding any improper argument, if any existed, and is presumed to have done so. See <u>Lopez v. State</u>, 725 SW2d 487, 489 (Tex. App. – Corpus Christi 1987, no pet.)

Furthermore, the argument was not improper as both parties agreed on the record for the court to review the letters and statements referenced by the State in its argument.  [3RR 4]

Therefore, the conviction should be affirmed.

## REPLY TO APPELLANT'S ISSUE NO. TWO

### APPELLANT'S ISSUE NO. TWO

Did Appellant receive effective assistance of counsel when counsel did not object to the argument made the basis of issue no. one in this case.

### STATE'S REPLY

### APPELLANT RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL AND THE CONVICTION SHOULD BE AFFIRMED.

### ARGUMENT AND AUTHORITIES

The test for evaluating a claim of ineffective assistance of counsel at the punishment phase of a noncapital offense is: (1) whether counsel was reasonably likely to render effective assistance, and (2) whether counsel reasonably rendered effective assistance.  Vaughn v. State, 888 SW2d 62, 72 (Tex. App. – Houston [1st Dist] 1994, p.d.r. granted and affirmed, 931 SW2d 564, 1996)  The attorney's assistance is determined by the totality of the representation.  Id.  Furthermore, the Appellant is required to not only

show some act of ineffective assistance, but also some harm which resulted from counsel's alleged ineptitude. Id at 73, citing <u>Stone v. State</u>, 751 SW2d 579, 582 (Tex. App. – Houston [1st Dist] 1988, pet ref'd)

Appellant complains of counsel's failure to object to the State's argument which referenced the letter written by Appellant. However, it was agreed by the parties for the Court to review the very same letter, filed by Appellant with the Court one day prior to the punishment trial. [3RR 4, CR 36] The State would not have had access to such letter without the filing of same and it was a conscious decision by Appellant to provide such letter to the Court.

The State indicated in argument that the letter was testimony without risk of cross examination. [3RR 58] To avoid such risk is indeed a well thought out trial strategy and not ineffective assistance.

Since the trial in this matter was not a jury trial and the Court is presumed to have disregarded any improper argument, then no harm can be shown as a result of counsel's failure to object. As such, the Appellant fails to meet his burden and the conviction should be affirmed.

PRAYER

Wherefore, upon the issues presented, the State prays that the judgment of the trial court be in all things affirmed.

Respectfully submitted,

s/Angela Smoak
Angela Smoak
Marion County Attorney
102 West Austin, Room 201
Jefferson, Texas  75657
(903) 665-2611
Fax: (903) 665-3348
State Bar #00797466
angela.smoak@co.marion.tx.us

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the State's Appellant Brief was hand delivered to counsel for Appellant, James P. Finstrom, on the 24th day of November, 2015.

s/Angela Smoak

**CERTIFICATE OF COMPLIANCE**

I hereby certify that Appellee's Brief filed electronically on this the 25th day of November, 2015 complies with Tex. R. App. P. 9.4(i)(2)(B) and contains 0000 words.

s/Angela Smoak

- 6 -