**Robert Learn TURNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–87–00810–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 7, 1988.

Linda J. Taggart, Houston, for appellant.

John B. Holmes, Jr., Linda A. West, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

JUNELL, Justice.

A jury found appellant guilty of aggravated robbery. The court sentenced him to fifteen years confinement in the Texas Department of Corrections.

Appellant brings two points of error asserting that he was denied effective assistance of counsel under: (1) Article I Section 10 of the Texas Constitution; and, (2) the Sixth Amendment to the United States Constitution. We reverse the judgment and remand the case to the trial court.

In points of error one and two appellant argues that he was denied effective assistance of counsel because his defense counsel did not inform him that he could not receive probation if he was sentenced by the trial court. We agree. The record reflects that appellant's attorney, Kenneth Bryant, failed to inform him that the trial court could not grant probation after a jury found him guilty on an aggravated robbery charge.

■ The standard for evaluating any claim of ineffectiveness of counsel must be whether the attorney's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a reliable result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 674 (1984). However, defense counsel in an ordinary sentencing (not a capital murder case) proceeding may require a different approach to the definition of constitutionally effective assistance. *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. The Court of Criminal Appeals has interpreted this to mean that the Sixth Amendment's "reasonably effective assistance of counsel" standard should be applied when a complaint deals with the punishment or sentencing phase of a trial. *Ex parte Cruz*, 739 S.W.

2d 53, 58 (Tex.Crim.App.1987); *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Crim.App. 1980). Under this standard the sufficiency of an attorney's assistance is gauged by the totality of the representation rendered to the accused. *Passmore v. State*, 617 S.W.2d 682, 686 (Tex.Crim.App.1981); *Van Sickle v. State*, 604 S.W.2d 93 (Tex.Crim. App.1980). The right to effective assistance of counsel means counsel who is reasonably likely to render and who does render reasonably effective assistance. *Passmore v. State*, 617 S.W.2d at 686 (Tex. Crim.App.1981); *Cude v. State*, 588 S.W.2d 895 (Tex.Crim.App.1979).

■ Utilizing the "reasonably effective assistance of counsel" standard we find that the record affirmatively demonstrates the ineffectiveness of defense counsel's representation. Throughout appellant's trial, appellant's defense was geared towards a probated sentence in the event the jury found him guilty. Appellant filed a verified Motion for Probation and an election for the jury to assess punishment. Appellant also successfully challenged five members of the jury panel for cause because of their inability to consider a probated sentence. As further evidence of appellant's desire to obtain probation, appellant took the stand during the punishment hearing and appellant's attorney established his eligibility for probation *after* withdrawing appellant's request to have the jury assess the punishment. Appellant's attorney concluded his defense argument by asking the court to grant appellant deferred adjudication or shock probation.

It is clear that the jury may recommend probation for a felony conviction where the punishment assessed by the jury is not greater than ten years. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3a(a) (Vernon 1979). However, Texas law forbids a trial court to grant probation to an individual convicted of aggravated robbery. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(1)(D) (Vernon 1979). Without a doubt, appellant's defense counsel was unaware that the trial court was statutorily prohibited from delivering a probated sen-

tence to appellant. Without this knowledge, appellant was not adequately informed of the ramifications of the withdrawal of his request to be sentenced by the jury.

The facts in this case are quite similar to those found in a case recently disposed of by our sister court. In *Stone v. State*, 751 S.W.2d 579 (Tex.App.–Houston [1st Dist.] 1988), appellant elected to have the trial court assess punishment based on his counsel's erroneous advice that the trial court could grant probation. However, the court could not grant probation because appellant was charged with the offense of murder with a firearm. In holding that appellant received ineffective assistance of counsel, the First Court of Appeals concluded that there was a reasonable probability that appellant would have requested that the jury assess punishment if he had been told that the trial court could not grant him probation. The court found that there was a reasonable probability that the outcome of the punishment stage of trial would have been altered if appellant had received this information.

■ The state contends in rebuttal that appellant suffered no harm because appellant would not have been eligible for probation with a 15 year sentence. This argument is without merit. It is irrelevant that appellant would not have been eligible for probation under the 15 year prison term delivered by the trial court. The important issue is that appellant might have received a probated sentence from the jury, and that this opportunity was lost because of his defense counsel's deficient performance.

After reviewing the totality of appellant's representation, we find that appellant was denied effective assistance of counsel when his defense counsel failed to inform him that he could not receive probation if the trial court assessed his punishment.

The judgment of the trial court is reversed and remanded.