Sharon Lee RECER, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–89–00301–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 1, 1990.

Discretionary Review Granted
May 23, 1990.

Jeryl L. Schultz, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and
JUNELL and DRAUGHN, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

Appellant was convicted by a jury of aggravated assault. The jury also made an affirmative finding that appellant used or exhibited a deadly weapon during the commission of the offense. The trial court sentenced her to seven years confinement in the Texas Department of Corrections. In her first point of error, appellant alleges she was denied effective assistance of counsel since her attorney erroneously informed her that the trial court could grant her probation if she elected court sentencing. We agree and reverse and remand the cause for a new trial.

Since the error of which appellant complains occurred during the punishment phase, we are guided by the holding in *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), and not *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Ex parte Cruz,* 739 S.W.2d 53, 58 (Tex.Crim. App.1987). The sufficiency of her attorney's assistance is gauged by the totality of the representation; it is not a question of whether she received errorless counsel, rather we must determine whether she received reasonably effective assistance. *Cruz,* 739 S.W.2d at 58; *Passmore v. State,* 617 S.W.2d 682 (Tex.Crim.App.1981). In light of this court's decision in *Turner v. State,* 755 S.W.2d 207 (Tex.App.—Houston [14th Dist.] 1988, no pet.), and the facts presented by this case, we must find she did not.

■ The record before us reveals appellant filed a motion requesting probation. Appellant's testimony, and that of the other defense witnesses presented during the punishment phase, illustrated she desired a probated sentence. Contrary to the state's assertion, the record affirmatively establishes that appellant's counsel operated under a fundamental misunderstanding of the trial court's power to grant probation following the jury's affirmative finding on the use of a deadly weapon. During the sentencing hearing defense counsel argued, "[f]irst of all, with respect to the issue of

the penalty range that can be considered by the Court it would be our contention that it is within the authority of the Court to set aside the affirmative finding of a deadly weapon that was entered by the jury and consider the full range of punishment for Mrs. Recer, *including probation.*" [Emphasis added.]

The Court of Criminal Appeals has made clear the trial court had no such discretion:

Article 42.12, [§ 3g(a)(2), previously § 3f(a)(2) ] clearly mandates that the trial judge enter in the judgment a finding that a deadly weapon was used or exhibited during the commission of an offense, once the trier of fact makes a proper affirmative finding as per *Polk.* In the present case, the trier of fact undoubtedly made such an affirmative finding. Once this determination had been made the trial judge was required to reflect this by making a proper entry in the judgment. *The trial judge retained no discretion to do otherwise.*

*Ex parte Poe,* 751 S.W.2d 873, 876 (Tex. Crim.App.1988) (emphasis added).

As we stated in *Turner,* "[w]ithout a doubt, appellant's defense counsel was unaware that the trial court was statutorily prohibited from delivering a probated sentence to appellant. Without this knowledge appellant was not adequately informed ... The important issue is that appellant might have received a probated sentence from the jury, and that this opportunity was lost because of h[er] defense counsel's deficient performance." *Turner,* 755 S.W.2d at 208–09. There was certainly a reasonable probability appellant would have requested the jury assess punishment had she been told that the trial court, but not the jury, was prohibited from considering probation. Point of error number one is sustained.

■ Appellant's second point of error alleges the evidence was not sufficient to establish she intentionally and knowingly threatened the complaining witness with imminent bodily injury. In reviewing the sufficiency of the evidence to support a conviction, we must view the evidence in the light most favorable to the jury's verdict. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, viewing the evidence in that light, any rational trier of fact could have found the essential elements of crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The evidence reveals appellant forced her way into the complainant's home carrying a gun, a razor, a hammer, leather gloves, a screwdriver, and a box of matches. Appellant struck the complainant in the head several times with the gun, ordered her to lie down, telling her "[i]t's to late for talking." The women continued to scuffle as the complainant attempted to escape to the parking lot. Several witnesses heard the complainant's screams for help. Witness Lehman testified he saw appellant beating and choking the complainant. The complainant received numerous cuts, bruises, and had blood all over her face. Although appellant testified she did not intend to harm the complainant, the jury as trier of the fact was free to determine the weight to attach to her testimony. We find ample evidence to support the jury's verdict. Point of error number two is overruled.

In the final point of error, appellant alleges she was not permitted enough latitude in cross-examination to establish the complainant's bias, motive or animus. In light of our holding on point of error number one, it is unnecessary to address this final point.

Having found appellant was denied reasonably effective assistance of counsel, we order the cause reversed and remanded for a new trial.