In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-120 CR


____________________



CHARLES ELVIS RABY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. CR24500






MEMORANDUM OPINION


 A jury found Charles Elvis Raby guilty of aggravated robbery. See Tex. Pen. Code
Ann. § 29.03 (Vernon 2003). The trial court sentenced Raby to sixty years' confinement in
the Texas Department of Criminal Justice, Institutional Division. After the instant appeal
was perfected, appellate counsel filed a brief in compliance with Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978), concluding there was no arguable error to support an appeal. Raby filed
a pro se brief raising eight issues.

 In his first issue, Raby claims he did not receive effective assistance of counsel
because trial counsel deprived him of the possibility of a probated sentence. The record
reflects that before voir dire began, defense counsel informed the trial court, "we're going
to go to the Judge for the punishment." The trial court questioned Raby, asking, "You're
going to ask that the Court assess your punishment?" Raby replied, "Yes." The record does
not reflect the reason for the decision. 

 The cases upon which Raby relies in support of this issue are inapplicable and
distinguishable upon their facts. In Stone v. State, 751 S.W.2d 579, 582-83 (Tex. App.--
Houston [1st Dist.] 1988, pet. filed), trial counsel testified that before the guilt-innocence
stage, he advised appellant to elect to have the court assess punishment if appellant was
found guilty. The record in Stone reflected that appellant filed a motion for probation upon
counsel's advice. After the guilty verdict and before the punishment stage, trial counsel
remembered the trial court could not grant probation. Id. at 582-83. Trial counsel testified
that appellant relied on his recommendation to forego sentencing by the jury, and appellant
testified that he would not have elected to have punishment assessed by the court had he
known he was ineligible for probation if sentenced by the court. Id. at 583. The record in
the case at hand fails to show that Raby was advised incorrectly by his counsel.

 In Turner v. State, 755 S.W.2d 207, 208 (Tex. App.--Houston [14th Dist] 1988, no
pet.), appellant's defense evidenced his desire to obtain a probated sentence if the jury found
him guilty. Appellant filed a verified Motion for Probation and an election for the jury to
assess punishment; successfully challenged five members of the jury panel for cause because
of their inability to consider a probated sentence; and took the stand during the punishment
hearing to establish his eligibility for probation, after withdrawing his request to have the
jury assess the punishment. Id. Furthermore, trial counsel concluded his defense argument
by asking the court to grant either deferred adjudication or shock probation. Id. The court
on appeal found that "[w]ithout a doubt, appellant's defense counsel was unaware that the
trial court was statutorily prohibited from delivering a probated sentence to appellant. 
Without this knowledge, appellant was not adequately informed of the ramifications of the
withdrawal of his request to be sentenced by the jury." Id. at 208-09. The record before this
Court does not indicate that counsel was unaware of the statutory prohibition.

 In the present case, Raby does not assert, nor does the record reflect, that trial counsel
advised him the trial court could order community supervision. A motion for probation was
filed one month before trial but the jury panel was never questioned on whether it could
consider community supervision and trial counsel did not request it from the trial judge. 
Unlike Turner or Stone, the record does not reflect that either trial counsel or appellant held
the belief that the judge could order community supervision, and therefore does not
demonstrate such an erroneous belief was the basis for the decision to have the trial court
assess punishment. We have no record on appeal explaining the reasons for defense
counsel's recommendation (assuming, without deciding, that counsel made such a
recommendation). Such a record is usually developed in a motion for new trial hearing or
on writ of habeas corpus. See Redmond v. State, 30 S.W.3d 692, 698 (Tex. App.--Beaumont
2000, pet. ref'd). Absent evidence in the record of counsel's thought processes and trial
strategy, the presumption of effectiveness cannot ordinarily be overcome. See Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Issue one is overruled.

 Issue two asserts the trial court erred in refusing to submit the lesser-included offense
of robbery in its charge to the jury. A two-prong test must be met before a jury charge
instruction on a lesser-included offense is required. See Hampton v. State, 109 S.W.3d 437,
440 (Tex. Crim. App. 2003). First, the lesser-included offense must be included within the
proof necessary to establish the offense charged. Id. Second, there must be some evidence
in the record that if the defendant is guilty, he is guilty only of the lesser offense. Id. (citing
Rousseau v. State, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993)). Clearly, robbery is a
lesser-included offense of an aggravated robbery alleging the use of a firearm as a deadly
weapon as the aggravating element. Thus the first prong is satisfied.

 As to the second prong, there is no evidence that would permit a rational jury to find
Raby guilty only of the lesser offense. There is no evidence in the record that a firearm was
not used during the course of the robbery and the victim's gunshot wounds establish
otherwise. Because the only affirmative evidence adduced at trial germane to the issue
reflected that a firearm was used, we cannot conclude a rational jury could have found to the
contrary. The second prong has not been met. Issue two is overruled.

 Raby's third issue contends his rights were violated because he did not waive his right
to have a jury determine punishment in writing. The requirement of Tex. Code Crim. Proc.
Ann. art. 1.13(a) (Vernon Supp. 2005) that a written waiver be on file does not apply when
a defendant elects not to have a jury assess punishment. See Martin v. State, 753 S.W.2d
384, 388 (Tex. Crim. App. 1988); Medina v. State, 770 S.W.2d 54, 55 (Tex. App.--Texarkana
1989, no pet.). Issue three is overruled.

 Issue four complains the trial court erred in allowing the State to introduce evidence
in violation of Rule 404(b). See Tex. R. Evid. 404(b). The evidence Raby complains of was
admitted during the punishment phase. Under section 3 of article 37.07, after a finding of
guilty, any extraneous offense or bad act evidence is expressly admissible without regard to
Rule 404. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2005);
Fowler v. State, 126 S.W.3d 307, 310 (Tex. App.--Beaumont 2004, no pet.); Tex. R. Evid.
404. Issue four is overruled.

 Issue five argues trial counsel was ineffective in failing to file a pre-trial motion to
suppress evidence obtained with a defective search warrant. The warrant in question is not
contained in the record on appeal. Accordingly, nothing is presented for our review. Issue
five is overruled.

 In his sixth issue, Raby claims the trial court erred in failing to rule on trial counsel's
request to strike a statement made by the victim and in failing to instruct the jury to disregard
it. The record reflects that after the trial court sustained trial counsel's objection to the
State's question, trial counsel asked it be stricken and the jury instructed to disregard it. 
Before the trial court ruled on the request, the State withdrew the question. Trial counsel did
not re-urge his request. To preserve error, counsel must pursue the objection to an adverse
ruling. See Tex. R. App. P. 33.1; Ramirez v. State, 815 S.W.2d 636, 643 (Tex. Crim. App.
1991). This complaint was not pursued to the level of an adverse ruling, therefore it was not
preserved for our review. Schumacher v. State, 72 S.W.3d 43, 47 (Tex. App.--Texarkana
2001, pet ref'd). Issue six is overruled.

 Issue seven contends the trial court erred in admitting State's Exhibit 17-B into
evidence. The exhibit is a submission form that accompanied evidence to be tested by the
laboratory. It contains nothing of substance, such as any test results. Raby argues the exhibit
was inadmissible hearsay. However, there is nothing on the form that was offered for the
truth of the matter asserted. See Tex. R. Evid. 801(d). Issue seven is overruled.

 Raby's final issue asserts trial counsel was ineffective in failing to object to the
admission of State's Exhibit 18, a laboratory report. Raby relies on Cole v. State, 839
S.W.2d 798 (Tex. Crim. App. 1990), in arguing that the report was inadmissible. In Cole,
the Court of Criminal Appeals held it error to admit a chemist report upon the testimony of
another, not the author. Id. at 805-06. In the instant case, the report was prepared by Kristi
P. Wimsatt, a criminalist with the Texas DPS Houston Laboratory. Wimsatt appeared at trial
and testified regarding the report. Accordingly, Cole does not apply. Moreno v. State, 2003
WL 22351320, at *2 (Tex. App.--Beaumont Oct. 6, 2003, no pet.). Issue eight is overruled.

 We find no arguable error in our review of the clerk's record and the reporter's record.
Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal.
Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). The issues raised
in appellant's pro se brief are overruled. The judgment of the trial court is AFFIRMED.



 ________________________________

 CHARLES KREGER

 Justice


Submitted on February 10, 2005 

Opinion Delivered March 30, 2005

Do not publish


Before McKeithen, C.J., Gaultney, and Kreger, JJ.