PD-0404-15

PD-0404-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/9/2015 12:31:20 PM
Accepted 4/15/2015 3:12:51 PM
ABEL ACOSTA
CLERK

NO. _____

TO THE COURT OF CRIMINAL APPEALS OF TEXAS

CHARLES DOUGLAS MCCLAIN III, Appellant

VS.

THE STATE OF TEXAS, Appellee

***************

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

**************

FROM THE COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS

AT TEXARKANA

NO. 06-14-00104-CR

UPSHUR COUNTY

TRIAL COURT NO. 16,545

Tim Cone
P.O. Box 413
Gilmer, Texas 75644
State Bar #04660350

FILED IN
COURT OF CRIMINAL APPEALS

April 15, 2015

ABEL ACOSTA, CLERK

ATTORNEY FOR APPELLANT

TABLE OF CONTENTS

Page

Table of Contents…………………………………… 2

Name of All Parties…………………………………… 3

Index of Authorities…………………………………… 4

Statement of the Case…………………………………. 6

Statement of the Procedural History…………………….. 7

Statement Declining Oral Argument……………………. 7

Questions for Review…………………………………… 7 & 8
       Question One: Did the Court of Appeals err in finding that the trial objection relating to an oral statement by the Appellant did not comport with the point of error on appeal?

       Question Two: Did the trial court attorney's error in advising the Appellant that he was eligible for probation when he was not establish both prongs of the standard for ineffective assistance of counsel?

Reasons for Review…………………………………. 8

Argument and Authorities……………………………….. 8

Prayer and Relief…………………………………… 10

Certificate of Compliance……………………………….. 11

Certificate of Service……………………………….. 12

Appendix – Court of Appeals Opinion

## NAMES OF ALL PARTIES

The parties to the trial court's judgment are the State of Texas and Appellant, Charles Douglas McClain, III, TDCJ.

The trial court judge was the Honorable Lauren Parish, 115th Judicial District Court, Upshur County, Texas.

At trial, the State was represented by Upshur County Assistant District Attorney A. Camille Henson, Upshur County, Texas, and on appeal by Natalie A. Miller, Upshur County Assistant District Attorney, Gilmer, Texas.

Appellant was represented at trial by Brandon Winn, 411 W. Tyler, Gilmer, Texas, and on appeal by Tim Cone, Gilmer, Texas.

## INDEX OF AUTHORITIES

PAGE

CASES;

Strickland v. Washington, 466 U.S. 668 (1984)……………...     10


STATUTES:

Texas Code of Criminal Procedure, Art. 38.22……………......     9


RULES:

Texas Rule of Appellate Procedure, 66.3(f)……………………     8

CHARLES DOUGLAS MCCLAIN III          Appellant

V.

THE STATE OF TEXAS          Appellee


\*\*\*\*\*\*\*\*\*\*

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE COURT OF APPEALS:

Comes now Charles Douglas McClain, III, Appellant, and respectfully urges this Court to grant discretionary review in this case.

STATEMENT OF THE CASE

CHARLES DOUGLAS MCCLAIN, III, appeals the conviction and sentence for Indecency With a Child. The Appellant was indicted in Cause Number 16,545 by the Upshur County Grand Jury on September 30, 2013, for the offense of Indecency With a Child (second degree felony). CR1.  On January 27, 2014, the Appellant filed a Waiver of Arraignment. CR46.  On February 12, 2014, the State filed a notice of enhancement, elevating the potential range of punishment to that of a first degree felony. CR47.  On May 9, 2014, Appellant waived his right to a jury trial and was admonished by the trial court regarding the punishment range of a second degree felony. 2RR4,5; CR51.  On May 21, 2014, a plea of not guilty was entered by the Appellant. 3RR10.  On May 21, 2014, the court found the Appellant guilty of Indecency With a Child and sentenced Appellant to 25 years in TDCJ-ID, after a plea of true to the enhancement allegation. 3RR84,85.   On March 18, 2015, the Sixth Court of Appeals affirmed the conviction in an unpublished opinion. The Appellant now files this Petition for Discretionary Review.

For clarity, THE STATE OF TEXAS will be referred to as "The State", and CHARLES DOUGLAS MCCLAIN, III, will be referred to as "Defendant" or "Appellant."

## STATEMENT OF PROCEDURAL HISTORY

The case was appealed to the Court of Appeals, Sixth Appellate District of Texas at Texarkana. On March 18, 2015, that Court affirmed the conviction in an opinion that was not published. There was no motion for rehearing filed.

## STATEMENT DECLINING ORAL ARGUMENT

Oral argument of this case is not requested on behalf of Appellant.

## QUESTIONS FOR REVIEW

### Question No.1

Did the Court of Appeals err in finding that the trial objection relating to an oral statement made by the Appellant did not comport with the point of error on appeal?

Question No. 2

Did the trial court attorney's error in advising the Appellant he was eligible for probation when he was not establish both prongs of the standard for ineffective assistance of counsel?

REASONS FOR REVIEW

Texas Rule of Appellate Procedure 66.3(f): A Court of Appeals has so far departed from the accepted and usual course of proceedings as to call for an exercise of the Court of Criminal Appeals power of supervision. Further, this matter should be addressed by the Court of Criminal Appeals in the best interest of justice.

ARGUMENT AND AUTHORITIES

Question No. 1

Did the Court of Appeals err in finding that the trial objection relating to an oral statement made by the Appellant di not comport with the point of error on appeal?

At trial, witness Dereck Walker testified to incriminating oral statements he said the Appellant made during an interview. Walker is an employee of DPS. As the State admitted in their brief to the Court of Appeals, he is a DPS polygrapher, although that particular duty was not presented, on the record, during the bench trial. The Appellant's trial attorney objected to the witness testifying at all. Although the objection was not a model for the issue presented as error on appeal, the appellate point of error related to the inadmissibility of Walker's testimony, as it did not comp[ort with the requirements of admission of an oral statement under Texas Code of Criminal Procedure, Art. 38.22. As this was a bench trial, the trial court would be presumed to know the requirements for admissibility of an oral statement under that statute and the trial court attorney's objection was specific enough to include the point of error raised on appeal.

Question No. 2

Did the trial court attorney's error in advising the Appellant he was eligible for probation when he was not establish both prongs of the standard for ineffective assistance of counsel?

The Appellant's trial attorney clearly advised the Appellant he was eligible for probation in the case at bar. Under the law, he was not. Even the Court of Appeals found the first prong of <u>Strickland v. Washington</u>, 466 U.S. 813 (1984) to be met due to this incorrect advice. The Court of Appeals found the second prong not to be shown, however. The Appellant waived his right to a jury trial, apparently believing the trial court could grant him probation. Had he not been so ill advised, it is extremely unlikely he would have waived his right to a jury trial. The Appellant went through the entire trial thinking, in error, that he could get probation. Respectfully, this matter alone should meet the second prong under Strickland, supra.

<u>PRAYER AND RELIEF</u>

Appellant prays that this Petition for Discretionary Review be granted; that this case be submitted to the Court after full briefing; that the Court of Appeals' decision be set aside, the case remanded to the Court of

Appeals for further review or that the Appellant receive a new trial.

Respectfully submitted,

/s/ Tim Cone

_____

TIM CONE
State Bar #04660350
Attorney for Appellant
P.O. Box 413
Gilmer, Texas 75644
903-725-6270
903-725-5494 (Fax)

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with Texas Rules of Appellate Procedure, Rule 9 regarding length of documents, in that exclusive of caption, identify of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, it consist of 350 words.

/s/Tim Cone

_____

TIM CONE

CERTIFICATE OF SERVICE

On the 9th day of April, 2015, copies of the foregoing Appellant's Petition for Discretionary Review were delivered to the Office of Honorable Billy Byrd, Upshur County District Attorney, 405 N. Titus, Gilmer, Texas 75644, and the State Prosecuting Attorney, at P.O. Box 13046, Capitol Station, Austin, Texas 78711, by United States mail postage prepaid.

/s/Tim Cone

_____
TIM CONE
Counsel for Appellant



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00104-CR

_____


CHARLES DOUGLAS MCCLAIN, III, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 16,545


Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Following a bench trial, Charles Douglas McClain, III, was convicted of indecency with a child. He pled "true" to the State's enhancement paragraph and was sentenced to twenty-five years' imprisonment. On appeal, McClain argues (1) that the trial court erred in overruling his objection to the admission of his confession, which resulted from custodial interrogation, and (2) that his counsel rendered ineffective assistance in advising him that he was eligible to receive community supervision. We find that McClain failed to preserve his first point of error on appeal and that counsel's assistance, though deficient, was not so serious as to deprive McClain of a fair and reliable trial. Consequently, we affirm the trial court's judgment.

## I. McClain's First Point of Error Does Not Comport With His Objection at Trial

At McClain's trial, the thirteen-year-old child victim, J.C., testified that McClain touched her private part through her underwear and began moving his hand "[u]p and down." Both J.C.'s grandmother and Nanette Parras, a Sexual Assault Nurse Examiner (SANE), testified that J.C. informed them of McClain's act. J.C.'s aunt, who was dating McClain and had a child by him, testified that she confronted McClain about J.C.'s outcry. According to the aunt, McClain admitted that he had touched J.C. outside of her clothing on her private area, but claimed that the act was an accident.

After the testimony of J.C., her grandmother, her aunt, and Parras, the State called Dereck R. Walker, a detective with the Texas Department of Public Safety. Walker testified that McClain agreed to a voluntary, audio/video-recorded interview. After informing McClain that he had the right to terminate the interview at any time, Walker began his questioning. According

2

to Walker, during the interview, McClain admitted that he touched J.C.'s vagina.  Walker's

testimony prompted the following exchange during trial:

> [By the Defense]:  Judge, I'm going to object.  At the risk of kicking the door open on this I'm going to object to this witness testifying at all.  We live in a small district in a small county where we know all the witnesses that have been before here today, the SANE nurse, the CAC interviewer.  This witness being from DPS, being from out of town, I believe is impermissible, it leads to the illusion as to why he was there testifying and I don't think he ought to be allowed to testify.  I have some case law that says allowing this type of witness to testify is impermissible and should only be used if trying to rebut the defense's theory or to impeach the defendant should the defendant have testified.

> THE COURT:  I'm going to let you respond.

> [By the State]:  My response to that would be that Dereck Walker is testifying as a [sic] agent of DPS who had a [sic] interview with the defendant where he waived his rights and voluntarily sat and talked with Mr. Walker over the incident that we're here for so we're clear as to what the interview is about.

> THE COURT:  I'm going to overrule the objection although I'm really not -- I really don't understand the objection.  I'm sorry, I think I could look at it, print it out and still not understand it.

> [By the Defense]:  Yes, Judge, I'm going to object on the basis of 154 S.W.3d 235, allowing somebody who has interviewed the defendant, I'm left in the precarious position, Judge, because the crux of my objection is the evidence that's not supposed before the trier of fact.

> THE COURT:  Okay.  Well, I assume that evidence is not an interview relating to the incident that we're here in court about because that's all I know.

> [By the Defense]:  Yes, Judge.

> THE COURT:  I'm going to overrule the objection.

Although it is difficult to understand the exact nature of McClain's objection, the case

citation referenced above leads to our opinion in *Wright v. State*, 154 S.W.3d 235, 239 (Tex.

App.—Texarkana 2005, pet. ref'd), which held that the trial court erred in allowing affirmative

3

and intentional presentation of polygraph evidence before a jury. Here, although the State's brief volunteers that McClain's statement was made during a polygraph examination, there was no mention of a polygraph test at trial. Thus, the State adhered to our explanation in *Wright*, which clarified that statements made by a defendant to a polygraph examiner may be admissible if all references to the polygraph test are omitted. *Id.*

Now that the nature of McClain's objection at trial is better identified, we turn to his point of error on appeal. In support of his appellate argument, McClain relies on Article 38.22, Section 3(a) of the Texas Code of Criminal Procedure, which reads,

> (a)     No oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless:
>
> (1)     an electronic recording, which may include motion picture, video tape, or other visual recording, is made of the statement;
>
> (2)     prior to the statement but during the recording the accused is given the warning in Subsection (a) of Section 2 above and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning;
>
> (3)     the recording device was capable of making an accurate recording, the operator was competent, and the recording is accurate and has not been altered;
>
> (4)     all voices on the recording are identified; and
>
> (5)     not later than the 20th day before the date of the proceeding, the attorney representing the defendant is provided with a true, complete, and accurate copy of all recordings of the defendant made under this article.

TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a) (West Supp. 2014). McClain notes that an electronic recording of the interrogation exists, but was not offered or published, and argues that the State failed to establish that it complied with Section 3, subsections (a)(3) through (a)(5).

4

A "point of error on appeal must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *see Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005). As stated in *Resendez v. State*, 306 S.W.3d 308 (Tex. Crim. App. 2009),

> Rule 33.1(a) of the Texas Rules of Appellate Procedure provides that a complaint is not preserved for appeal unless it was made to the trial court "by a timely request, objection or motion" that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context."

*Resendez*, 306 S.W.3d at 312 (quoting TEX. R. APP. P. 33.1(a)(1)(A)). "The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint." *Id.* As explained in *Resendez*,

> Although there are no technical considerations or forms of words required to preserve an error for appeal, a party must be specific enough so as to "let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it."

*Id.* at 312–13 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).

Our review of the trial transcript leads us to conclude that McClain's point of error on appeal does not comport with the objection he made at trial. Because McClain's complaints on appeal were not asserted below, the trial judge (who voiced on the record an inability to understand the trial objection as it was stated) did not have an opportunity to rule on whether McClain's statement was admissible under Article 38.22. Thus, McClain's first point of error is

5

not preserved for our review and is overruled. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009).

## II. Counsel's Deficient Assistance Did Not Deprive McClain of a Fair and Reliable Trial

McClain's ineffective assistance of counsel claim involves the application of community supervision law to his case. A defendant is not eligible for community supervision recommended by either a judge or a jury when he is convicted of indecency with a child if, as here, the victim of the offense was younger than fourteen years of age at the time the offense was committed. TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 3g(1)(a)(C), 4(d)(5) (West Supp. 2014). However, a judge may place a defendant who is charged with indecency with a child on deferred adjudication community supervision regardless of the age of the victim, but only if the defendant enters a plea of guilty or nolo contendere. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West Supp. 2014).

In his second point of error, McClain argues that his counsel provided ineffective assistance when he "informed [McClain that] the possibility of probation existed when it did not." Any allegation of ineffectiveness of counsel must be "'firmly founded in the record.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Strickland v. Washington*, 466 U.S. 668, 813 (1984)); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Williams v. State*, 309 S.W.3d 124, 131 (Tex. App.—Texarkana 2010, pet. ref'd). From the record received by this Court, which does not include an explanation of counsel's reasoning, McClain bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *See Goodspeed*, 187 S.W.3d at 392; *Thompson*, 9 S.W.3d at 813; *Cannon v. State*,

6

668 S.W.2d 401, 403 (Tex. Crim. App. 1984). Rarely will a reviewing court be provided a record on direct appeal that allows for a comprehensive evaluation of the merits of an ineffective assistance of counsel claim. *Thompson*, 9 S.W.3d at 813. "In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect" the reasoning of trial counsel. *Id.* at 813–14. We examine the appellate record to determine whether it illustrates McClain's claim of ineffective assistance.

McClain indicated his desire to receive community supervision when he filed a document titled "Application for Community Supervision from the Judge." Due to the nature of McClain's charge, judge-ordered deferred adjudication community supervision appeared to be his only option until the State filed a notice of intent to enhance McClain's punishment, which alleged that McClain had previously been finally convicted of robbery, a second degree felony. The transcript of McClain's trial indicates that the trial court was not aware of the State's notice of intent to enhance McClain's punishment, even though it was filed many months before trial.

McClain waived trial by jury and pled not guilty after the trial court admonished him incorrectly with regard to the range of punishment.[1] It was not until after the trial court found McClain guilty of the offense that the State brought its enhancement allegation to the trial court's attention. On realizing that McClain's offense was punishable as a first degree felony, the trial court informed McClain of the correct range of punishment. McClain then pled true to the

---

[1]Before the bench trial began, McClain was again admonished that "the range of punishment for that offense is two to twenty years in prison and a fine of up to $10,000." It was not until the punishment phase that the trial court informed McClain that if it found the State's enhancement allegation true, the range of punishment would be not less than five but no more than ninety-nine years' imprisonment. *See* TEX. PENAL CODE ANN. § 12.32(a) (West 2011).

enhancement and stipulated that he had also been previously convicted of the misdemeanor offenses of theft and possession of a controlled substance (marihuana).

During the punishment phase, McClain attempted to explain his criminal history, claimed that he had previously completed community supervision successfully, testified that he would be a good candidate for community supervision, and informed the court that he wished for a sentence of shock probation. During cross-examination, when the State asked McClain whether his attorney had informed him that he was not eligible for community supervision, McClain responded, "Not that I recall." J.C.'s grandmother and aunt testified that placing McClain on community supervision (even though it was not available) would be inappropriate. Tellingly, McClain's counsel urged the trial court to place McClain on community supervision during closing argument. After the State argued, correctly, that McClain was never eligible for community supervision, the trial court held an off-the-record, unrecorded discussion with McClain's counsel and the State. When this discussion ended, the trial court sentenced McClain to twenty-five years' imprisonment. Because the record affirmatively demonstrates that McClain's counsel mistakenly believed that McClain was eligible for community supervision, we find that the record is sufficiently developed to facilitate our review of the merits of McClain's ineffective assistance of counsel claim.

We next determine whether McClain's "trial counsel rendered ineffective assistance by employing the two-pronged test handed down by the United States Supreme Court." *Williams*, 309 S.W.3d at 132 (citing *Strickland*, 466 U.S. 668). "To show ineffective assistance of counsel, a defendant must demonstrate both (1) that his counsel's performance fell below an objective

8

standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Batiste v. State*, 217 S.W.3d 74 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Andrews v. State*, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005)); *see Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009). Failure to make either one of these required showings defeats an ineffectiveness claim. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006).

With respect to the first *Strickland* prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that "the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689; *Ex parte White*, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004); *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Yet, trial counsel has a duty to exert his best efforts to ensure that his client's decisions are based on correct information as to the applicable law. *Ex parte Wilson*, 724 S.W.2d 72, 74 (Tex. Crim. App. 1987). "An attorney's failure to give competent advice to a defendant which would promote an understanding of the law in relation to the facts and which would permit an informed and conscious choice is error." *Gallegos v. State*, 756 S.W.2d 45, 48 (Tex. App.—San Antonio 1988, pet. ref'd) (citing *Ex parte Morse*, 591 S.W.2d 904, 905 (Tex. Crim. App. 1980)). "In assessing competence, we [hold] counsel accountable for knowledge, or the ability to attain knowledge, of relevant legal matters which are neither novel nor unsettled." *Ex parte Moody*, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999).

Although it is true that the record does not explain why trial counsel (1) obviously mistakenly believed that McClain was eligible for community supervision, (2) apparently advised McClain that he was eligible for community supervision, (3) elicited testimony from witnesses during the punishment phase regarding the possibility of community supervision, and (4) urged the trial court to place McClain on community supervision during closing argument, we cannot fathom any sound trial strategy justifying counsel's mistake. *See Riley v. State*, 378 S.W.3d 453, 458–59 (Tex. Crim. App. 2012); *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991); *Hart v. State*, 314 S.W.3d 37, 44–45 (Tex. App.—Texarkana 2010, no pet.); *Cardenas v. State*, 960 S.W.2d 941, 946–47 (Tex. App.—Texarkana 1998, pet. ref'd); *Turner v. State*, 755 S.W.2d 207, 209 (Tex. App.—Houston [14th Dist.] 1988, no pet.). Accordingly, we find that McClain has met the first *Strickland* prong.

The second *Strickland* prong, the prejudice prong, requires a showing that but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88. A "'[r]easonable probability' is a 'probability sufficient to undermine confidence in the outcome,' meaning [that] 'counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009) (quoting *Strickland*, 466 U.S. at 687, 694). "Both the performance and prejudice prongs of the *Strickland* ineffectiveness inquiry are mixed questions of law and fact, but the prejudice prong often contains 'subsidiary questions of historical fact, some of which may turn upon the credibility and demeanor of witnesses.'" *Riley*, 378 S.W.3d at 458 (quoting *Kober v. State*, 988 S.W.2d 230, 233 (Tex. Crim. App. 1999)).

10

Accordingly, development of an appellate record that speaks to the second *Strickland* prong is often crucial. *See Ex parte Martinez*, 330 S.W.3d 891, 904 (Tex. Crim. App. 2011).

Here, McClain argues that *Strickland*'s prejudice prong is met because, "[o]bviously, his decision to waive a jury trial was based on [counsel's] mistaken belief." He further contends that "a jury trial as to guilt/innocence may have been a much better option than a bench trial." Yet, McClain neither filed a motion for new trial nor otherwise developed a record addressing these appellate claims. Thus, in spite of the assertions in McClain's brief, we find that the appellate record does not support the conclusion that McClain met *Strickland*'s prejudice prong.

The appellate record does not show why McClain decided to waive a jury trial and enter a plea of not guilty to the trial court. Many strategic choices could have led to McClain's decision to proceed with a bench trial. The evidence of McClain's guilt, which included (1) J.C.'s testimony, (2) the testimony of J.C.'s grandmother, aunt, and a SANE nurse, and (3) Walker's testimony that McClain admitted to committing the offense, was strong. McClain could have decided that a judge would be less impacted by the evidence of his guilt and more lenient as compared to an East Texas jury.[2] Further, nothing in the appellate record supports McClain's argument that he would have decided to forgo his waiver of jury trial had he been properly advised by his counsel. We find that the record does not support McClain's contention that there was a reasonable probability that the result of his proceeding would have been different absent counsel's unprofessional errors. Consequently, we overrule McClain's last point of error.

---

[2]Because McClain was not eligible for community supervision, his sentencing options did not depend on whether he opted for a jury trial or a bench trial. Thus, McClain makes no argument that there was a possibility that the jury would have given him a lighter sentence.

11

**III.     Conclusion**

We affirm the trial court's judgment.


                                                  Bailey C. Moseley
                                                  Justice

Date Submitted:     March 4, 2015
Date Decided:       March 18, 2015

Do Not Publish