Tony **RODRIGUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–84–0201–CR.

Court of Appeals of Texas, Houston (1 Dist.).

May 2, 1985.

Allen C. Isbell, Houston, for appellant.

John B. Holmes, Jr. Harris County Dist. Atty., Houston, Eleanor M. McCarthy, Harris County Asst. Dist. Atty., for appellee.

Before EVANS, C.J., and COHEN and DUNN, JJ.

## OPINION

COHEN, Justice.

A jury convicted the appellant of robbery, and the court assessed punishment at twelve years confinement.

In his first ground of error, the appellant contends that the evidence was insufficient to prove that he was a party to the offense.

The evidence revealed that on September 22, 1983, the complainant and two of his friends left a lounge and were walking down the street when a car with four passengers, including the appellant, pulled alongside them and stopped. One unidentified man got out of the car with a gun and shot the complainant as he started to run away. The complainant kept running and the man fired again. Another unidentified man who had gotten out of the car hit the complainant with a bat several times and demanded money. When the complainant handed over his money, the man with the bat fled. One of the complainant's companions was shot and killed during the incident.

The appellant's confession, introduced by the State, stated:

Last night Johnny Ray Miles and I walked to Felix Martinez' house. Felix lives on Coronado Street with his wife and mother-in-law. We got there around 9:00 p.m. When we arrived, Felix was not in so we visited with Henry, Anthony and Earnie who are Felix's brothers-in-law. Shortly after we arrived at the house Felix arrived in his car.

We were at the house approximately thirty minutes drinking beer. We then drove around for a while or until we saw the three Mexican guys. The three guys were walking on Freeman Street. I know that they were on Freeman Street because I used to live on the street. After seeing the Mexican boys, Johnny said, 'Let's get them krokers.' I understood that we were to jump them and rob them. Anthony and Johnny got out of the car on Freeman Street. Felix and I stayed in the car, which was on Freeman

Street, and near Anthony and Johnny and the three Mexican guys.

Johnny had a pistol pointed at the guys. All of the guys started running. I then saw Anthony and Johnny started shooting at the guys. Two of the guys ran toward Felix and me. I threw a baseball bat at one of them. The bat missed and Felix then picked it up and threw it at the same guy. I think Felix did hit the guy with the bat. I heard three shots fired.

I know that Anthony had the .25 caliber pistol and it only had one bullet. I know this because Anthony showed me the automatic pistol with the bullet prior to shooting the guys. Johnny was carrying a .22 caliber revolver, black steel with a long barrel.

■ A defendant is guilty as a party when he is physically present at the commission of the offense and encourages the commission of the offense either by words or other agreement. *Porter v. State*, 634 S.W.2d 846, 849 (Tex.Crim.App.1982). In this case, the appellant argues that, although present, he did not encourage the commission of the offense by any means.

The appellant cites several cases in which convictions were reversed for insufficient evidence of guilt as a party. However, all of those cases present much less evidence than the proof in this case. In *Strelec v. State*, 662 S.W.2d 617 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd), the defendant was only in the vicinity of the burglary and denied any knowledge of the burglary. In *Ortiz v. State*, 577 S.W.2d 246 (Tex.Crim. App.1979), the defendant left a lounge with someone who shot a man in the parking lot. The defendant was standing 25 feet away at the time of the shooting and drove away with the assailant in his truck. There was no evidence of "bad blood" between the defendant and the victim. In *Urtado v. State*, 605 S.W.2d 907 (Tex.Crim.App.1980), both the defendant and the actual perpetrator testified that the defendant had no knowledge of the offense and that he had arrived at the scene only after the attempted burglary. In *Porter v. State, supra,*

the defendant was simply present at the scene and gave a false name. There was no evidence in any of these cases that the defendant anticipated and encouraged commission of the offense. In every case, the courts held that presence at or near the scene was insufficient to sustain a conviction.

■ In this case, the evidence goes beyond mere presence. The appellant's confession demonstrates that he knew an armed robbery was about to occur and that he agreed to participate in the robbery. He stated, "I understood that we were to jump them and rob them ... I know [sic] that Anthony had the .25 caliber pistol and it only had one bullet. I know this because Anthony showed me the automatic pistol with the bullet prior to shooting the guys."

This evidence is sufficient to prove that the appellant was a party to the offense.

We further note that the appellant testified during the punishment stage of the trial and gave testimony that could be construed, when viewed in the light most favorable to the verdict, as an admission of guilt. The testimony, all on direct examination, was as follows:

Q: Now, have you thought over about this crime that you committed?

A: Yes sir. . . .

Q: Well, how do you feel about it? Do you feel sorry for what you did?

A: Yes sir. . . .

Q: You violated the law?

A: Yes sir. . . .

Q: Now, would you be willing to pay, if the court would allow you, the damages and the pain that you have made these victims suffer? These people that were hurt? You heard them come up and testify?

A: Yes sir. . . .

Q: And you were in some way stronger than those two victims. Are you sorry for what you did to them?

A: Yes sir. . . .

Q: Are you willing to make it up to them?

A: Yes sir. . . .

Q: Are you willing to, if this court sees fit, to contribute, to make up to the victims of crime for what you did?

A: Yes sir....

Q: You are truly sorry for what you have done?

A: Yes sir....

The State did not cross-examine.

■ A challenge to the sufficiency of the evidence is waived by testimony at the punishment stage admitting the crime. *Gordon v. State,* 651 S.W.2d 793 (Tex.Crim. App.1983); *Brown v. State,* 617 S.W.2d 234 (Tex.Crim.App.1981).

The first ground of error is overruled.

In his second ground of error, the appellant asserts that the conviction should be reversed because the appellant was "misled" by trial counsel to believe that the trial judge could grant probation if he were found guilty of aggravated robbery. We construe this as an allegation of ineffective assistance of counsel.

■ At the beginning of trial, the appellant filed a motion for probation, which alleged that he had never been convicted of a felony, a fact proved at trial. He also elected by pre-trial written motion to have the judge assess punishment. However, the judge, unlike the jury, is prohibited from granting probation to a defendant convicted of aggravated robbery. Tex. Code Crim.P.Ann. art. 42.12, sec. 3f(a)(1)(D) (Vernon Supp.1985).

■ Trial counsel's conduct at the punishment hearing indicates that he thought the judge could grant probation. He elicited testimony from a family member and the appellant himself concerning the appellant's potential for rehabilitation through probation, and he argued in closing that probation would be appropriate punishment. After the trial, defense counsel filed a motion for shock probation, for which the appellant was doubly ineligible, both because shock probation cannot be granted to one convicted of aggravated robbery and because it cannot be given to any defendant sentenced to more than 10 years imprisonment. Art. 42.12, sec. 3e(a); 3; and 3a.

■ Under *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the appellant must affirmatively show prejudice in addition to showing ineffective assistance. *Id.* at 2067. According to the Texas Court of Criminal Appeals, the second prong of the *Strickland* test requires that the appellant "show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ingham v. State,* 679 S.W.2d 503, 509 (Tex. Crim.App.1984). The harm must be apparent from the face of the record.

■ The appellant has not met this burden of showing harm. We assume that he would claim that he would have had the jury assess punishment, but for his attorney's advice that he had a better chance to receive probation from the judge. We cannot speculate on these matters, however, on a silent record. The cases relied on by the appellant are all distinguishable because they were guilty pleas and because there was an evidentiary hearing in each case in the trial court at which the defendants, their trial attorneys, and, in some cases, the prosecutor testified to what incorrect legal advice was given to the defendant and exactly how he relied on it and was harmed thereby. *See Ex parte Young,* 644 S.W.2d 3 (Tex.Crim.App.1983); *McGuire v. State,* 617 S.W.2d 259 (Tex. Crim.App.1981); *Ex parte Burns,* 601 S.W.2d 370 (Tex.Crim.App.1980); *Murphy v. State,* 663 S.W.2d 604 (Tex.App.—Houston [1st Dist.] 1983, no pet.); *West v. State,* 661 S.W.2d 305 (Tex.App.—Houston [1st Dist.] 1983, pet. granted).

In this case there has been no evidentiary hearing and no evidence concerning the advice given to the appellant by his trial attorneys, the extent of his reliance on it and the extent of his harm. The fact that he pleaded not guilty also distinguishes his case from those above because he was not induced to waive a constitutional right in reliance on the belief that he could receive probation from the court. At most, he waived the statutory right under Tex. Code

Crim.P.Ann. art. 37.07, sec. 2(b) (Vernon 1981) to have the jury assess his punishment. While it is apparent that the appellant was advised incorrectly by his attorney that the court grant probation, the full content of his legal advice is not disclosed by the record. We do not know what else his attorney advised him, whether his attorney advised him to go to the judge or the jury for punishment, whether he relied on the attorney's advice, and whether he would have selected the judge to assess his punishment knowing that only the jury could grant probation. The absence of evidence in this record on these vital issues prevents relief from being granted on direct appeal. *See Ex parte Smith,* 678 S.W.2d 78 (Tex.Crim.App.1984).

Ground of error two is overruled.

The judgment is affirmed.