

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00054-CR

_____

JAMES HAUGHT, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 5
Denton County, Texas
Trial Court No. F18-3232-158

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Appellant James Haught was convicted of felony driving while intoxicated, and his punishment was enhanced under Texas's habitual-offender statute based on two prior felony convictions. Haught now claims that his trial counsel provided ineffective assistance by allegedly misrepresenting the applicable punishment range. But the record reveals that counsel's alleged misrepresentation was not a misrepresentation at all; it was a strategic challenge to one of the punishment enhancements. And even if Haught's counsel had misrepresented the applicable punishment range, Haught has not explained—much less carried his burden to prove—how he was prejudiced by the alleged misrepresentation. For these two independently sufficient reasons, we will overrule Haught's sole issue and affirm his conviction.

## I. Background

Haught was found guilty of third-degree-felony driving while intoxicated (DWI).[1] Tex. Penal Code Ann. §§ 49.04(a), 49.09(b)(2). Although the standard punishment for this offense is 2 to 10 years' confinement, the State sought to enhance Haught's punishment under the relevant habitual-offender statute. *Id.* §§ 12.34, 12.42.

Under the habitual-offender statute, Haught's punishment range would increase to 2 to 20 years' confinement if the State proved that he had one prior felony conviction.

---

[1]Haught's offense was a third-degree felony because he had two prior convictions for driving while intoxicated. Tex. Penal Code Ann. § 49.09(b)(2).

*See id.* §§ 12.33(a), 12.42(a). And if the State proved that Haught had a second prior felony conviction for "an offense that occurred subsequent to the first previous conviction having become final," then the punishment range would increase to 25 to 99 years or life. *See id.* § 12.42(d). The State pursued the latter option; it sought to enhance Haught's punishment based on two prior felony convictions: (1) a 1996 conviction for burglary and (2) a 2007 conviction for a methamphetamine-related conspiracy.

At the punishment stage of trial, Haught conceded that the State had proved he had at least one prior felony conviction—the 1996 burglary conviction.[2] But Haught argued that the State could not prove that the conspiracy underlying his second felony conviction began "subsequent to the first [1996] . . . conviction['s] having become final." *Id.*. Haught's trial counsel emphasized that the 2007 judgment listed an end date for the conspiracy but did not indicate when he began conspiring.[3] Haught's counsel

---

[2]Although Haught ultimately conceded that the State had proven his 1996 felony conviction, he pleaded not true to the punishment enhancements.

[3]This allegedly ambiguous 2007 judgment was the primary evidence the State relied upon to prove the date that Haught's conspiracy occurred. Haught objected to the admissibility of the 2007 judgment; in addition to the sequence-related argument discussed above, he claimed (1) the identifiers on the judgment were insufficient to prove that the individual convicted was him, (2) the 2007 judgment was not final because it did not show that he had completed his probation for conspiracy, and (3) the judgment did not demonstrate that he was properly admonished and waived his right to a jury trial. The trial court overruled these objections, and Haught does not raise them on appeal.

argued that because Haught's conspiracy could have started before his 1996 burglary conviction became final, the State could not use both felony convictions to enhance his punishment range for the felony DWI; it could only use one. Following this logic, Haught's trial counsel contended that the applicable punishment range was 2 to 20 years. Counsel previewed this argument before the punishment phase began, telling the trial court on the record: "[T]he range of punishment is 2 to 20. They [i.e., the State] might argue it's something different, but I think there's an argument as to what it is."

The State, of course, did argue that the punishment range was something different; it claimed that the 2007 judgment was sufficient to prove that Haught's conspiracy offense occurred after his burglary conviction became final, making the applicable punishment range for his felony DWI 25 to 99 years. The trial court agreed with the State. It found both enhancement paragraphs true and sentenced Haught to 25 years' confinement.

Haught now appeals, alleging ineffective assistance of counsel.

## II. Standard of Review

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. *Ex parte Scott*, 541 S.W.3d 104, 114 (Tex. Crim. App. 2017); *see* U.S. Const. amend. VI. To establish an ineffective-assistance claim under the Sixth Amendment, an appellant must prove by a preponderance of the evidence that (1) his counsel's representation was deficient and (2) the deficiency prejudiced his defense. *Strickland v.*

*Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013).

The first *Strickland* prong—deficient performance—requires an appellant to prove that "counsel's representation fell below an objective standard of reasonableness based upon prevailing norms." *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). Our review of counsel's representation is "highly deferential"; we indulge a "strong presumption" that counsel provided adequate assistance. *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999). If the record is silent as to the attorney's reasons, we must presume that the challenged conduct "constituted sound trial strategy" unless the conduct was "so outrageous that no competent attorney would have engaged in it." *Johnson v. State*, 624 S.W.3d 579, 586 (Tex. Crim. App. 2021) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)); *Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017) (same).

*Strickland*'s second prong—prejudice—requires an appellant to prove that counsel's errors were so serious that they deprived him of a fair trial. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In other words, an appellant must show a reasonable probability that the proceeding would have turned out differently without the deficient performance.[4] *Id.* at 694, 104 S. Ct. at 2068; *Nava*, 415 S.W.3d at 308.

---

[4]A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Nava*, 415 S.W.3d at 308.

For an appellant to prevail on his ineffective-assistance claim, the record must affirmatively demonstrate that both prongs of the *Strickland* test have merit. *Thompson*, 9 S.W.3d at 813–14. We need not address both parts of the *Strickland* test if the appellant makes an insufficient showing on one component, nor need we address them in any particular order. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

### III. Discussion

The record in this case does not affirmatively demonstrate either *Strickland* prong; Haught has not carried his burden to prove deficient performance or prejudice.

### A. No Deficient Performance

Haught argues that his trial counsel performed deficiently by misinforming "[him], the Court[,] and the Prosecutor, prior to punishment, that the sentencing range was 2 [to] 20 years." He points to his counsel's on-the-record statement that "the range of punishment is 2 to 20" as the smoking gun allegedly proving deficient performance.

But the record instead shows that counsel's challenged statement was part of his strategic punishment argument. Throughout the punishment stage, Haught's counsel argued that the State could not prove that Haught began conspiring after his burglary conviction became final, and that without this sequence of events, the State could use only one punishment enhancement, resulting in a punishment range of 2 to 20 years. *See* Tex. Penal Code Ann. §§ 12.33(a), 12.42(a). The very on-the-record statement that Haught points to as the smoking gun contained an express acknowledgment that the applicable punishment range would turn on the trial court's agreeing with counsel's

6

strategic argument[5]: "They [i.e., the State] might argue it's something different, but I think there's an argument as to what it is." Thus, counsel's alleged misrepresentation of the punishment range was not a misrepresentation; it was an enunciation of his strategic argument. *See Johnson*, 624 S.W.3d at 586–87.

Because Haught has failed to prove deficient performance, his ineffective-assistance claim fails on prong one. *Thompson*, 9 S.W.3d at 813.

## B. No Prejudice

And even if Haught's counsel had misrepresented the applicable punishment range, Haught has not explained how he was prejudiced by the misrepresentation. In fact, Haught has not addressed the prejudice prong of the *Strickland* test at all, he merely states that "it is clear that . . . prejudice resulted." To the extent that Haught implicitly asserts that a misrepresentation of the punishment range is de facto prejudicial, we disagree; he bore the burden to prove prejudice. *Cf., e.g., McMahon v. State*, No. 02-19-

---

[5]Haught has not alleged that counsel provided him legally inaccurate advice regarding what sentencing range Haught could have expected if—as ultimately occurred—the trial court rejected Haught's strategic argument and applied both felony punishment enhancements. *See Anthony v. State*, 494 S.W.3d 106, 109 (Tex. Crim. App. 2016) (rejecting ineffective-assistance claim based on counsel's allegedly erroneous legal advice because there was not "a developed record on how counsel actually advised [the appellant] as to the range of punishment"). To the extent that he alleges that counsel failed to adequately investigate, he has not shown entitlement to relief. *See Cooks v. State*, 240 S.W.3d 906, 912 (Tex. Crim. App. 2007) (holding appellant's conclusory assertion that trial counsel did not conduct a "promised investigation" was inadequate to establish a facially plausible ineffective-assistance claim because appellant did not specify what the investigation "would have revealed that reasonably could have changed the result of this case").

00144-CR, 2020 WL 579103, at *6 (Tex. App.—Fort Worth Feb. 6, 2020, pet. ref'd) (mem. op., not designated for publication) (discussing elements required to prove prejudice where appellant alleged that he rejected a plea-bargain offer based on bad legal advice regarding range of punishment); *Rodriguez v. State*, 691 S.W.2d 77, 80–81 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd) (discussing appellant's failure to show prejudice where counsel allegedly misrepresented the trial court's ability to grant probation). Haught's "[f]ailure to make the required showing of sufficient prejudice defeats [his] ineffectiveness claim." *Johnson*, 624 S.W.3d at 587.

## IV.  Conclusion

Because Haught failed to make the required showing of either deficient performance or prejudice, *see Thompson*, 9 S.W.3d at 813, we overrule Haught's sole issue and affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  September 16, 2021

8